**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD COOTS,**

          **Plaintiff,**

-vs-                                          **Case No. 6:06-cv-129-Orl-28JGG**

**AFA PROTECTIVE SYSTEMS, INC.,**
**RICHARD KLEINMAN,**

          **Defendants.**

## **ORDER**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR CERTIFICATION OF COLLECTIVE ACTION AND PERMISSION TO SEND COURT-SUPERVISED NOTICE (Doc. No. 21)** |
| **FILED:** | **August 15, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

**I.    PROCEDURAL HISTORY**

On February 2, 2006, Plaintiff Richard Coots filed a "collective action" complaint on behalf of Richard Coots and "others similarly situated." The complaint alleges that Defendants AFA Protective Systems, Inc. ["AFA"] and Richard Kleinman failed to pay him overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Docket No. 1 at 1 (complaint). On March 13, 2006, Defendants filed their answer and affirmative defenses in which Defendants state that they are "without sufficient knowledge or information as to who the multiple

'Plaintiffs' referred to in . . . the Complaint are, and therefore denies [sic] the allegations therein." Docket No. 6 at 2, ¶ 6.

On August 15, 2006, Plaintiff filed the motion now before the Court. Docket No. 21. Plaintiff asks that the Court: 1.) grant conditional certification as a collective (not class) action, and 2.) require Defendants to produce within thirty days the names and addresses of all "managers employed by the Defendant [sic] for the period beginning three years prior to the initiation of this suit to the present;" and 3.) authorize Plaintiff to send notice to the potential plaintiffs to inform them of their right to join this case. *Id.* at 4. On September 5, 2006, Defendants filed their memorandum in opposition in which they contend that Plaintiff has not met his burden to show that the potential plaintiffs are "similarly situated" employees. Docket No. 25.

## II.    THE LAW

An FLSA action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees **similarly situated**." 29 U.S.C. § 216(b) (emphasis added). In order to maintain a collective action under § 216(b), the named plaintiff must establish that the potential plaintiffs are "similarly situated" employees. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567 - 68 (11th Cir. 1991).

Plaintiff thus bears the burden of demonstrating that the other employees are "similarly situated." This burden is less stringent than that for joinder or for certification of a class action under

Federal Rules of Civil Procedure 20(a) or 23, respectively.[1] *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Plaintiff need only demonstrate that his or her position is "similar, not identical" to the positions held by the potential plaintiffs. *Id.* While a plaintiff's burden is not particularly strict, "unsupported allegations that FLSA violations were widespread and that additional plaintiffs" exist are insufficient to establish that similarly situated employees exists. *Haynes v. Singer, Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983).

The United States Court of Appeals for the Eleventh Circuit has "suggest[ed]" that district courts use a "two-tiered approach to certification of § 216(b) opt-in classes." *Hipp*, 252 F.3d at 1218-19 (11th Cir. 2001). Under this approach, the first tier is the "notice stage," in which the district court determines whether to grant "conditional certification" of a representative collective action under the FLSA. *Id.* at 1218. The Eleventh Circuit noted:

> At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential [plaintiffs]. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.

*Hipp*, 252 F.3d at 1218. When the district court grants conditional certification, potential plaintiffs receive notice and the opportunity to "opt-in." Under the Eleventh Circuit's recommended approach,

---

[1] The Eleventh Circuit has delineated several reasons why the "similarly situated" requirement under § 216(b) is considerably less stringent than the class action requirements under Federal Rule of Civil Procedure 23. *See, e.g., Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003). First, under § 216(b), even if a plaintiff can demonstrate that the potential plaintiffs are "similarly situated" employees, the plaintiff has no independent right to represent such individuals. *See id.* at 1249. Instead, the potential plaintiffs must file with the district court written consent to become a party plaintiff. 29 U.S.C. § 216(b). Thus, unlike most Rule 23 class actions, a § 216(b) action does not become a collective action unless another plaintiff affirmatively chooses to opt into the class. *See Cameron-Grant*, 347 F.3d at 1249. "[I]n contrast, to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Id.* The difference between Rule 23 class actions and § 216(b) collective actions is therefore a "fundamental, irreconcilable difference[.]" *Id.*

the case thus proceeds as a collective action through the close of discovery. *Id.* After the completion of discovery, the defendant may initiate the "second tier" by filing a motion for "decertification." *Id.* At this second stage, the district court makes a factual determination as to whether the claimants are "similarly situated." *Id.* If the claimants are not similarly situated, the district court "decertifies" the group; the opt-in plaintiffs are then dismissed without prejudice; and the original "representative" plaintiff continues to trial (or otherwise) on his or her original claim. *Id.*

According to the Eleventh Circuit, the two-tiered approach is an "effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases." *Id.* at 1219. The Eleventh Circuit notes, however, that "[n]othing in [the Eleventh Circuit] precedent . . . requires district courts to utilize this approach." *Id.* Indeed, the decision to create an opt-in collective action under § 216(b) remains "soundly within the discretion of the district court." *Id.*

### III.   APPLICATION

In this case, Plaintiff Coots seeks conditional certification of an unidentified group of potential plaintiffs under § 216(b) at the "notice stage." Docket No. 21 at 2. As support, Plaintiff states that he worked as an "installer" for Defendants, and that he "believe[s] that there are other workers who are similarly situated." *Id.* In their memorandum in opposition, Defendants acknowledge that under the Eleventh Circuit's "suggested approach," Plaintiff's burden at the notice stage is not heavy, but argue that Plaintiff has "submitted not one shred of evidence, through affidavits or otherwise" to show that the potential plaintiffs are similarly situated employees. *Id.* at 4. Defendant also notes that

Plaintiff seeks to compel the names and addresses of "managers," but alleges that Plaintiff worked as an "installer." *Id.* at 6.

Defendants are correct. Plaintiff failed to make even a minimal showing that the potential plaintiffs are similarly situated employees. In the complaint, Plaintiff never states his job title or duties or the potential plaintiffs' job titles or duties. *See* Docket No. 1. He merely alleges that Defendants have failed to pay "Plaintiffs" overtime wages. *See id.* at 3, ¶ 12. Further, Plaintiff makes inconsistent statements about his job. In his answers to the Court's interrogatories, Plaintiff states that his job tile was "Alarm Technician." Docket No. 10 at 3. In the motion now before the Court, Plaintiff claims that he worked as an installer, but later asks that the Court compel Defendants to produce the names and address of all "managers employed by Defendants." Docket No. 21 at 1, 4.

Plaintiff acknowledges that at the Eleventh Circuit's suggested notice stage, he must "show that the individuals to whom notice would be sent had similar job requirements and were subject to similar pay provisions." *Id.* at 4. Nonetheless, Plaintiff made no showing as to either of these requirements. Plaintiff's motion is therefore **DENIED** without prejudice to refile a motion that establishes that the potential plaintiffs are "similarly situated" employees under § 216(b). The refiled motion should include a detailed explanation of the job duties of Plaintiff and the potential plaintiffs, the dates of employment, as well as affidavits or other support for Plaintiff's arguments.[2]

---

[2]As guidance, Plaintiff may look at the opt-in notices and procedures approved by this Court in *Su et. al. v. Electronic Arts, Inc.*, 6:05-cv-131-Orl-28JGG (although in that case, the parties jointly sought approval of the opt-in notice after reaching a settlement agreement). In the *Su* case, the named plaintiff defined the group of potential plaintiffs by geographic location, job title, and dates employed by the defendant. See *Su,* 6:05-cv-131-Orl-28JGG, Docket No. 42-1 at 1 ("all [people] employed by Defendant in the State of Florida as an Assistant Artist or an Associate Artist at any time between April 30, 2003 and October 30, 2005").

Finally, in the motion and the memorandum in opposition, both Plaintiff Coots and Defendants refer to multiple "Plaintiffs."  *See* Docket Nos. 21, 25.  On July 27, 2006, James Flippin filed a "Consent to Joint [sic] Pursuant to 29 U.S.C. § 216(b)" in which Flippin consents to join the case as a plaintiff.  Docket No. 19.[3]  Defendants have not filed any objection to Flippin's notice.  Nonetheless, counsel for Coots has filed no motion to add Flippin as a plaintiff, and the district court never granted leave to add parties or amend the pleadings.[4]  Flippin is not a named party to this action.

Accordingly, Plaintiff's Motion for Certification of Collective Action and Permission to Send Court Supervised Notice [Docket No. 21] is **DENIED** without prejudice.  It is

**FURTHER ORDERED** that on or before October 20, 2006, Plaintiff shall file such motion as he may be advised to amend the pleadings and add James Flippin as a plaintiff that complies with Local Rule 3.01(a)-(g) and 29 U.S.C. § 216(b).

**DONE** and **ORDERED** in Orlando, Florida on October 2, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3]The FLSA provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).

[4]On June 9, 2006, the district court ordered the parties to file motions to add parties or to amend pleadings by August 15, 2006.  Docket No. 17 at 1 (Case Management and Scheduling Order).